## In re MIRTAZAPINE PATENT LITIGATION

### No. MDL–1445.

Judicial Panel on Multidistrict Litigation.

April 23, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### TRANSFER ORDER

HODGES, Chairman.

This litigation currently consists of the six actions listed on the attached Schedule A and pending in two federal districts as follows: five actions in the District of New Jersey and one action in the Eastern District of New York.[1] Before the Panel is a motion pursuant to 28

---

1. In addition to the six actions presently before the Panel, movants have notified the Pan-

el of two related patent infringement actions

U.S.C. § 1407 brought by plaintiffs Organon Inc. and Akzo Nobel N.V. for coordinated or consolidated pretrial proceedings of the actions in this litigation in the District of New Jersey. Defendants in three District of New Jersey actions—Mylan Pharmaceuticals Inc.; Teva Pharmaceuticals USA, Inc.; and Alphapharm Pty. Ltd.—do not oppose centralization in the District of New Jersey; however, these defendants oppose any disruption in the pretrial schedules currently in place in that district.

On the basis of the papers filed and hearing session held, the Panel finds that the six actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions concern the validity and alleged infringement of Patent No. 5,977,099. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

 In selecting the District of New Jersey as transferee district, we note that this is the suggested transferee district in which i) a judge familiar with the underlying issues, and with a favorable caseload, has been presiding over the litigation for several months; ii) five of the six constituent actions and two potential tag-along actions are pending; and iii) the common party patentholder is located such that relevant documents and witnesses will likely be found there. We also observe that no party, including the defendant in the

Eastern District of New York action, opposes 1407 transfer to the District of New Jersey. As to the responding defendants' concerns regarding the existing pretrial schedule in the District of New Jersey actions, we leave the manner and extent of coordination or consolidation of the pretrial proceedings to the discretion of the transferee judge.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A and pending outside the District of New Jersey be, and the same hereby is, transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Faith S. Hochberg for coordinated or consolidated pretrial proceedings with the actions on Schedule A that are pending in that district.

### SCHEDULE A

*District of New Jersey*

*Organon Inc., et al. v. Mylan Pharmaceuticals, Inc.*, C.A. No. 2:01–2171

*Organon Inc., et al. v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 2:01–2682

*Organon Inc., et al. v. Mylan Pharmaceuticals, Inc.*, C.A. No. 2:01–3835

*Organon Inc., et al. v. Alphapharm Pty., Ltd.*, C.A. No. 2:01–4246

*Organon Inc., et al. v. Geneva Pharmaceuticals, Inc., et al.*, C.A. No. 2:01–4919

*Eastern District of New York*

*Organon Inc., et al. v. Eon Labs Manufacturing, Inc.*, C.A. No. 1:01–7777

that are pending in the District of New Jersey and two other such actions pending, respectively, in the District of Connecticut and the Southern District of Ohio. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).